FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHELE M.,

Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant.

No. 1:19-CV-03081-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Michele M. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on January 21, 2016, alleging disability since September 30, 2015 due to insulin-dependent diabetes, bipolar disorder, depression, and back pain. Tr. 103. The applications were denied initially and upon reconsideration. Tr. 153-56, 159-64. Administrative Law Judge (ALJ) Keith Allred held a hearing on November 17, 2017, Tr. 51-79, and issued an unfavorable decision on April 10, 2018, Tr. 15-28. Plaintiff requested review from the Appeals Council. Tr. 214. The Appeals Council denied the request for review on February 21, 2019. Tr. 1-5. The ALJ's April 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 22, 2019. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1984 and was 31 years old as of her alleged onset date. Tr. 27. She has a high school education and a work history consisting primarily of cashiering and fast food work. Tr. 58, 501. She has struggled with diabetes since she was a child and even with an insulin pump has had difficulty controlling her blood sugars. Tr. 664, 921, 1034. In late 2015 she developed back pain and eventually underwent surgery in April 2016 for a herniated disc. Tr. 633, 872, 990. Though she initially experienced relief for a few months, by August her back pain had returned and imaging revealed re-herniation of the disc. Tr. 1123, 1144, 1232-33. After epidural steroid injections failed to provide relief, she underwent surgery again in January 2017, for a laminectomy, discectomy, and spinal fusion of L4-5. Tr. 1000, 1004, 1128. During the relevant period she also engaged in counseling, and in 2016 completed a 12-week course of trauma therapy, which she reported to be helpful. Tr. 66-67, 1176, 1180, 1215.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4),

416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On April 10, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairment: diabetes mellitus, affective disorder, and spine disorder.[2] *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work with the following specific limitations:

> lift/carry 20 pounds occasionally and 10 pounds frequently, sit for 6/8 hours and stand/walk for 6/8 hours, except the claimant can frequently climb, balance, stoop, kneel, crouch, crawl.

Tr. 20.

---

[2] Though the ALJ listed affective disorder as severe in this finding, the explanation indicated that the ALJ actually found affective disorder to be non-severe. Tr. 19-20.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a cashier and fast food worker. Tr. 26.

Despite making dispositive step four findings, the ALJ alternatively found at step five that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of cleaner/housekeeping, packing line worker, and production assembler. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) failing to fully credit Plaintiff's testimony; and (3) failing to properly assess the severe impairments at step two.

## DISCUSSION

### 1. Plaintiff's symptom statements

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 13 at 14-19.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen*

*v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations to be undermined by the records demonstrating resolution of her mental health issues with treatment, the objective evidence regarding her back, her improvement following her second back surgery, and her demonstrated daily activities. He additionally found her diabetes to be controlled at times, and expressed skepticism that Plaintiff was doing everything to manage her condition, and questioned whether she truly had neuropathy. The ALJ also indicated Plaintiff's reported limitations could have been complicated by obesity and pregnancy, rather than just her back condition and diabetes. Finally, he found there to be evidence of possible exaggeration, and found the record to suggest Plaintiff was not motivated to work consistently. Tr. 22-24.

Plaintiff argues the ALJ's rationale is not supported by substantial evidence and takes facts and findings out of context, particularly regarding the objective findings of her back condition. She argues the ALJ's suggestion that Plaintiff was non-compliant with her diabetes care is pure speculation, as none of her providers mentioned non-compliance, and the discussion regarding whether she has neuropathy or not relied on evidence from prior to the alleged onset date. ECF No. 13 at 17-19.

Defendant asserts the ALJ adequately explained his rationale, and notes Plaintiff failed to challenge a number of the reasons, thus waiving her right to do so. ECF No. 14 at 4-13.

The Court finds that the ALJ's reasoning is supported by substantial evidence. In assessing a claimant's subjective symptom complaints, an ALJ may consider the claimant's daily activities, precipitating and aggravating factors, and the type and effectiveness of treatments. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). A claimant's daily activities may support an adverse credibility finding if the activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). A limited work history and evidence that a claimant has "shown little propensity to work in her lifetime" can be a specific, clear and convincing reason for discounting her testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably interpreted the record in finding all of these factors to undermine the reliability of Plaintiff's allegations. While Plaintiff argues for an alternative interpretation of the record, the ALJ pointed to substantial evidence to support his interpretation. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotes and citation omitted).

While the Court agrees with Plaintiff that the ALJ's discussion regarding possible non-compliance and the sufficiency of the neuropathy diagnosis are not supported by substantial evidence, the ALJ offered sufficient additional reasons to support his assessment. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless

when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination"). The ALJ's finding that Plaintiff's alleged symptoms are not entirely consistent with the record is supported by substantial evidence.

**2. Opinion evidence**

Plaintiff alleges the ALJ improperly rejected the opinion of Plaintiff's treating counselor and assigned undue weight to the state agency reviewing doctors. ECF No. 13 at 9-14.

***a. Treating counselor Ivonne Garcia, MHP, MSW***

An ALJ may discount the opinion of an "other source," if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's treating counselor, Ivonne Garcia, completed a medical source statement in August 2017 regarding Plaintiff's mental functional abilities. Tr. 1117-20. She opined Plaintiff had mostly mild to moderate limitations in her ability to complete work-related functions, but stated Plaintiff would have marked limitations in: her ability to work in coordination with or proximity to others without being distracted by them; the ability to make simple work-related decisions; and the ability to complete a normal workweek without interruptions from psychologically-based symptoms. Tr. 1117-18. She further stated Plaintiff was likely to be off-task 12-20% of the time during a work week, and would likely miss three days of work per month. Tr. 1119.

The ALJ gave this opinion little weight, finding it to be inconsistent with the numerous mental status examinations in the record, Plaintiff's reported daily activities, and Plaintiff's improvement in mental functioning with treatment. Tr. 25. The ALJ also found Ms. Garcia's opinion to be contradicted by the opinion of examining doctor R.A. Cline offered three months earlier, which found Plaintiff's mental health issues had resolved. *Id.*

Plaintiff argues the ALJ should have given more weight to Ms. Garcia over Dr. Cline because of Ms. Garcia's treating relationship with Plaintiff. ECF No. 13 at 12. She further argues the ALJ's finding of inconsistencies did not take into account that Ms. Garcia's opinion referred to Plaintiff's ability to maintain mental functioning over a sustained 40-hour workweek, whereas the mental status exams and daily activities show only a snapshot of Plaintiff's abilities. *Id.* Finally, Plaintiff argues that her improvement with treatment does not foreclose the ALJ finding her disabled at least for a twelve-month period prior to her completion of therapy. *Id.* at 13.

The Court finds the ALJ did not err in his evaluation. The consistency of a medical opinion with the record as a whole and other opinion evidence is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. §§ 404.1527(f), 416.927(f). The various normal mental status exams throughout the record and the contradictory opinion from Dr. Cline constitute substantial evidence the ALJ was justified in relying on in according little weight to Ms. Garcia's opinion. Furthermore, the ALJ reasonably found improvement with treatment, as a few months before Ms. Garcia completed her statement Plaintiff indicated treatment was successful and she was ready to stop therapy and was considering returning to work. Tr. 1157-60, 1162. She had only recently reengaged in services with Ms. Garcia due to needing assistance processing a miscarriage. Tr. 1152. The ALJ did not err in his rejection of Ms. Garcia's opinion.

***b. State agency opinions***

At the initial and reconsideration stages, the state agency consulting doctors found Plaintiff capable of performing light work with limitations on various postural activities. Tr. 108-09, 134. The ALJ gave these opinions considerable weight, finding them generally consistent with the medical record and Plaintiff's daily activities. Tr. 24.

Plaintiff argues the ALJ erred in giving the most weight to the state agency opinions, as they were based on only a portion of the record and preceded Plaintiff's second back surgery after re-herniation of her disc. ECF No. 13 at 9-11. Plaintiff argues the ALJ's conclusions that Plaintiff's second surgery was successful and that the treatment records support the state agency opinions are not supported by substantial evidence. *Id.* at 11.

In evaluating evidence from state agency consultants, ALJs may evaluate these opinions in the same way that they assess other medical opinion evidence in the file, including considering the supportability and consistency of the opinion. 20 C.F.R. §§ 404.1519a(b), 404.1527(c), 416.919a(b), 416.927(c). That is precisely what the ALJ did in the present case. Plaintiff has failed to identify any specific limitations that the ALJ omitted from the RFC that do not stem from her subjective statements, which the ALJ gave sufficient reasons for discounting. There are no other opinions in the file regarding Plaintiff's physical functioning. The ALJ did not err in giving considerable weight to the state agency doctors.

**3. Step two**

Plaintiff argues the ALJ erred at step two by failing to find obesity to be a severe impairment and making contradictory findings regarding mental health. ECF No. 13 at 19-21.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. §§ 404.1520(a)(ii), 416.920(a)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.

1996) (internal quotation marks omitted). The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Plaintiff argues the ALJ erred in failing to find obesity to be a severe impairment, despite her BMI over 40 and the ALJ implying obesity was contributing to back pain. ECF No. 13 at 20. Even if the failure to list obesity as a severe impairment was an error, the error would be harmless because step two was resolved in Plaintiff's favor, and Plaintiff fails to identify any credited limitation associated with obesity that was not considered by the ALJ and incorporated into the RFC finding. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Plaintiff also points to the ALJ's inconsistent step two findings regarding the severity of her mental health impairments, arguing that the contradictory findings render the step two determination unclear and therefore erroneous. While the decision does list affective disorder as a severe impairment in the bold findings (tr. 18), the discussion regarding the "paragraph B" criteria makes clear the ALJ found Plaintiff's affective disorder to be non-severe. Tr. 19-20. Apart from challenging the ALJ's disposition of Ms. Garcia's opinion, Plaintiff fails to make any factual argument in favor of finding her mental health impairment to be severe. The ALJ appropriately discussed the evidence, made findings regarding the paragraph B criteria, and addressed each of the opinions in the file regarding Plaintiff's mental health. Plaintiff has identified no specific legal error in the ALJ's explanation. The Court finds the ALJ's analysis to be supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is

**GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED April 27, 2020.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE